UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WKK TECHNOLOGY, LIMITED,<br><br>                    Plaintiff,<br><br>v.<br><br>DYNOJET RESEARCH, INC.,<br><br>                    Defendant. | Case No. 2:15-cv-01742-APG-NJK<br><br>**ORDER GRANTING MOTION TO REMAND TO STATE COURT**<br><br>(Dkt. #7) |

Defendant Dynojet removed this lawsuit to this federal court on the basis of diversity jurisdiction. (Dkt. #1.) Plaintiff WKK moved to remand the case to state court, alleging that Dynojet's principal place of business is in Nevada. (Dkt. #7.) Two of Dynojet's four primary officers—including its CEO and CFO—are based in its Nevada office, and Dynojet has repeatedly identified its Nevada office as its "main office." Because Dynojet's Nevada office appears to be its "nerve center," this court lacks diversity jurisdiction over this case. I therefore grant the motion to remand.

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Res.*, 873 F.2d 1221, 1225 (9th Cir. 1989). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

> The preponderance of the evidence standard applies because removal jurisdiction ousts state-court jurisdiction and "must be rejected if there is any doubt as to the right of removal in the first instance." . . . This gives rise to a "strong presumption against removal jurisdiction [which] means that the defendant always has the burden of establishing that removal is proper." . . . . For these reasons, "[w]e strictly construe the removal statute against removal jurisdiction."

*Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010) (quoting *Gaus*, 980 F.2d at 566).

"[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. . . ." 28 U.S.C. §1332(c)(1). The Supreme Court has held that

> the phrase "principal place of business" refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's "nerve center." *See, e.g., Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (C.A.7 1986); *Scot Typewriter Co. v. Underwood Corp.*, 170 F.Supp. 862, 865 (S.D.N.Y.1959) (Weinfeld, J.). We believe that the "nerve center" will typically be found at a corporation's headquarters.

*Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). The Court recognized that corporations, like Dynojet, "may divide their command and coordinating functions among officers who work at several different locations, perhaps communicating over the Internet." *Id.* at 95-96. Nevertheless, I must determine where Dynojet's officers "direct, control, and coordinate" the company's activities.

Dynojet's CEO and CFO are based in Nevada, while its two Vice Presidents (of Sales and of Production and Engineering) are based in Montana. (Dkt. #14-1 at 2:9-19.) Presumably, the CEO and CFO are the most important officers of the company. Both are listed in Dynojet's corporate filings with the Delaware and Nevada state governments, while neither of the Vice Presidents is listed.[1] (Dkt. ##7-4, 7-6.) The officers communicate and meet primarily by telephone or email, with three of them meeting quarterly in Montana about sales and research and development. (*Id.* at 3:4-14.) "There is no fixed location for [Dynojet's Board of Directors] in-person meetings, which have been held in various states. . . ." (Dkt. #14-1 at 3:19-23.) While the Montana office employs approximately 20 more employees than the Nevada office (Dkt. #14-1 at 2:17-23), the nerve center test "centers on the 'brains' of an enterprise, not the 'brawn.'" *U.S. v.*

---

[1] Vice President Shawn Arnold is listed as a "Director" in the Nevada Secretary of State's database (Dkt. #7-6 at 6), but Dynojet does not count him as a director in its response to the motion (Dkt. #14-1 at 3:15-18).

2

*Chao Fan Xu*, 706 F.3d 965, 976 (9th Cir. 2013) (citation omitted).  Thus, office size does not matter.

      Dynojet identifies the Nevada office as (a) its "main office" on its webpage (Dkt. ##7-2, 7-3), (b) its "principal place of business" on its Delaware Annual Franchise Tax Report (Dkt. #7-4), (c) its "principal office address" in its Montana Secretary of State listing (Dkt. #7-5), and (d) the address for its corporate officers in its Nevada Secretary of State listing (Dkt. #7-6).  While individually none of these factors is determinative, collectively they support the notion that Dynojet's "nerve center" is in Nevada, where its CEO and CFO work and reside.

      Denying diversity jurisdiction in this case is consistent with the purpose for 28 U.S.C. § 1332.  "[D]iversity jurisdiction's basic rationale [is] opening the federal courts' doors to those who might otherwise suffer from local prejudice against out-of-state parties."  *Hertz*, 559 U.S. at 85 (citation omitted).  Here, where Dynojet's corporate functions are, at best, split between Nevada and Montana, there hardly can be made a claim that Dynojet would suffer from local prejudice in a Nevada state court.

      Dynojet has not overcome the "strong presumption" against removal jurisdiction.  Consequently, I must remand this action to state court.  However, Dynojet's removal was not so unreasonable as to justify an award of fees and costs under 28 U.S.C. § 1447(c).  WKK may be able to recover those fees and costs at the conclusion of the case, but at this stage its request for sanctions is denied.

      IT IS THEREFORE ORDERED the case is remanded to the state court from which it was removed for all further proceedings.  The Clerk of the Court is instructed to close this case.

      Dated: October 22, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE